UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23436-CIV-COOKE

ROSALEE WILLIAMS, as "Presumptive"
Personal Representative of the Estate
Timmie Williams on behalf of the Estate of
Timmie Williams, Rosalee Williams, surviving
Parent of Timmie Williams and George
Williams-Hankins, brother of Timmie Williams,

        Plaintiff,

v.

MIAMI-DADE COUNTY,
a political subdivision and Florida
Division of Financial Services, and
JORDAN FRIED, individually,

        Defendants.
_____/

## MIAMI-DADE COUNTY'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant Miami-Dade County hereby files its Answer, Defenses, and Affirmative Defenses to Plaintiff's First Amended Complaint ("FAC") and asserts the following defenses:

1. Defendant denies Paragraph 1.

2. Defendant denies Paragraph 2.

3. Defendant admits Paragraph 3.

4. Defendant denies Paragraph 4.

5. As to Paragraph 5 of the FAC, Defendant denies that Rosalee Williams is the Personal Representative of the Estate of Timmie Williams. Defendant is without knowledge as to whether Rosalee Williams will soon be appointed Personal Representative of the Estate of Timmie Williams and thereby denies the same.

6. Defendant is without knowledge as to Paragraph 6 of the FAC and thereby denies the same.

7. Defendant admits Paragraph 7.

8. As to Paragraph 8 of the FAC, Defendant denies that service has been perfected under Florida Statute 768.28. Defendant is without knowledge as to why the Florida Division of Financial Services is being listed as a party.

9. Defendant admits Paragraph 9.

10. Defendant is without knowledge as to Paragraph 10 of the FAC and thereby denies the same.

11. Defendant is without knowledge as to Paragraph 11 of the FAC and thereby denies the same.

12. Defendant is without knowledge as to Paragraph 12 of the FAC and thereby denies the same.

13. Defendant admits Paragraph 13.

14. Defendant admits Paragraph 14.

15. Defendant is without knowledge as to Paragraph 15 of the FAC and thereby denies the same.

16. Defendant is without knowledge as to Paragraph 16 of the FAC and thereby denies the same.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20.

21. Defendant is without knowledge as to Paragraph 21 of the FAC and thereby denies the same.

22. Defendant is without knowledge as to Paragraph 22 of the FAC and thereby denies the same.

## COUNT I

23. Defendant realleges all of its responses to Paragraphs 1-22.

24. As to Paragraph 24 of the FAC, Defendant admits that on or about July 15, 2012 Jordan Fried was acting in the course and scope of his duties as a police officer employed by the Miami-Dade County Police Department. Defendant denies the remaining allegations in Paragraph 24 of the FAC.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

27. Defendant admits Paragraph 27.

28. Defendant denies Paragraph 28.

## COUNT II

29. Defendant realleges al ofl its responses to Paragraphs 1-22.

30. As to Paragraph 30 of the FAC, Defendant admits that on or about July 15, 2012 Jordan Fried was acting in the course and scope of his duties as a police officer employed by the Miami-Dade County Police Department. Defendant denies the remaining allegations in Paragraph 24 of the FAC.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant is without knowledge as to Paragraph 33 of the FAC and thereby denies the same.

34. Defendant is without knowledge as to Paragraph 34 of the FAC and thereby denies the same.

35. Defendant denies Paragraph 35.

36. Defendant admits Paragraph 36.

37. Defendant denies Paragraph 37.

38. Defendant denies Paragraph 38.

## COUNT III

This count is directed at another defendant, not Miami-Dade County.[1]  Accordingly, no response to the allegations in Count III is required.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Timmie Williams ("Williams").  Therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

2. Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

3. The FAC fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

4. To the extent that Williams suffered any injuries as a result of facts alleged in the FAC, Defendant is not the proximate cause of those injuries.

---

[1] The undersigned has spoken with counsel for the Plaintiff who stipulated that Count III is intended to be brought against Defendant Jordan Fried only.

5. Defendant owed no duty to Williams, and therefore Plaintiff cannot plead a cognizable claim for negligence against it.

6. Plaintiff's claim is barred by sovereign immunity and the discretionary function doctrine. Defendant Jordan Fried's ("Fried") decisions with regard to the incident are ones for which he is entitled to exercise discretion.

7. Plaintiff's damages, if any, were the result, either in whole or in part, of the acts of third parties at the scene over whom Defendant had no control.

8. Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

9. Defendant is entitled to an apportionment of damages pursuant to Florida Statues Section 768.81 to account for the negligent acts committed by Williams and others.

10. Fried did not violate any of Williams' constitutional rights.

11. Fried is entitled to qualified immunity for the force used against Williams. Fried acted in an objectively reasonable manner in using force against Williams, who was non-compliant with Defendant's instructions and threatened others with a weapon of deadly force.

12. Fried is entitled to qualified immunity because he never violated any clearly established rights belonging to Williams.

13. Fried is immune from liability and from being named as a defendant in this action pursuant to Florida Statutes Section 768.28(9)(a) because he did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, towards Williams.

14. Plaintiff's lawsuit is barred because Fried acted reasonably in using deadly force against Williams.

15. Plaintiff's claim is barred to the extent that Plaintiff is suing for any alleged force Fried used in defense of himself and/or others. Fried was justified in using force against Williams because Williams posed an immediate threat of deadly harm to them, and the surrounding bystanders.

16. Fried was justified in any use of force as to Williams.

17. Fried was reasonable in any use of force as to Williams.

18. Any alleged use of force was authorized by Florida law, including but not limited to sections 776.05, 776.012, 776.032, and 776.085 of the Florida Statutes, and Defendant could reasonably rely on such statutory authority. Williams was brandishing a knife and threatening a third person.

19. Defendant is immune from suit because Fried's use of force was justified pursuant to Florida Statutes Section 776.032. Williams was brandishing a knife and threatening a third person.

20. Defendant is entitled to recover its attorney's fees incurred in the defense of this action because Fried's use of force was justified and he is immune from suit pursuant to Florida Statutes Section 776.032.

21. Defendant is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or alleged damages, as well as for the costs incurred by the Defendant in this federal proceeding.

22. Rosalee Williams and George Williams-Hankins are not proper parties as they are not personal representatives of the estate of Timmie Williams.

23. Defendant would show that the sole legal cause of the incident sued upon was the carelessness, inadvertence and negligence of Williams and that he knowingly, willfully, and

voluntarily assumed the risk of the happening of the incident and, therefore, the Plaintiff is not entitled to recover from Defendant as alleged.

24. Plaintiff's injuries and/or damages, if any, are the result of an act of a known or unknown third party whose actions were not under the dominion or control of Defendant and any recovery therefrom should be barred to the full extent thereof.

25. Defendant alleges the injuries claimed by Williams, were caused by the negligence of Williams and/or the negligence of a third party and were not solely caused by the negligence, if any, of Defendant Miami-Dade County, thereby bringing this cause within the Doctrine of Comparative Negligence, thereby reducing and/or barring claim for the Plaintiffs.

26. The action or portions of it are barred by the Doctrine of Sovereign Immunity, and the FAC fails to state a cause of action because the acts and/or omissions complained of are governmental planning level policy decisions which may not form the basis of traditional tort liability.

27. Defendant denies that the Plaintiff, Rosalee Williams, as Presumptive Personal Representative of the Estate of Timmie Williams, and/or George Williams-Hankins has complied with all notice requirements and conditions precedent to bringing this action in that under the provision of Fla. Stat. § 768.28(6), the Plaintiffs' claim must be presented in writing to the Department of Financial Services and Miami-Dade County before any such action can be instituted, and said notice must be made six (6) months prior to the filing of suit.

28. Defendant Miami-Dade County denies that Plaintiff, Rosalee Williams, as Presumptive Personal Representative of the Estate of Timmie Williams, has complied with all notice requirements and conditions precedent to bringing this action under Section 2-2 of the Miami-Dade County Code.

29. The alleged negligence complained of was not the legal cause of the accident as alleged in the FAC; therefore, the FAC fails to state a cause of action.

30. Defendant is entitled to a set-off from any recovery against it to the extent that the value of all benefits received by or paid on behalf of the Plaintiff from any collateral source.

31. Service of process is improper.

32. Plaintiff has failed to show or comply with Florida Statute 768.28(7) requiring service of process upon the Department of Financial Services.

33. Williams knew of the existence of the danger complained of in the FAC, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

34. Plaintiff fails to allege compliance with Fla. Stat. § 768.28(6). Further, naming the "Division" of Financial Services is purposeless and improper.

35. Willaims' actions were superceding, intervening causes of the death and such causes exculpate Defendant.

36. Plaintiff cannot sue Defendant for reckless actions or intentional infliction of emotional distress. Such claims are barred by Fla. Stat. § 768.28(9).

37. George Williams-Hankins is an improper Plaintiff. He may not sue individually under the Wrongful Death Act.

38. Count I of the FAC is improperly pled. There is no cause of action alleged. Statements, such as Paragraph 25, that the shooting is "without legal justification" do not create a cause of action. There are no elements alleged in Count I of any tort.

39. The FAC, if true, bars any action against Defendant. Fla.Stat. Section 798.28(9) bars an action against the County for malicious, wanton and willful, reckless or bad faith acts or

any acts outside the scope of the officer's employment. Thus, as pled, Defendant is immune or exempt from liability.

40. Defendant reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Miami-Dade County respectfully requests that this Court dismiss the claim against it with prejudice and/or enter judgment in Defendant's favor; that the Court award Defendant attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Dated: September 24, 2014            Respectfully submitted,

                                     By:    s/ Erica Zaron
                                         Erica S. Zaron (514489)
                                         E-mail: zaron@miamidade.gov
                                         Assistant County Attorney
                                         Miami-Dade County Attorney
                                         Stephen P. Clark Center
                                         111 N.W. 1st Street, Suite 2810
                                         Miami, Florida  33128
                                         Telephone:     (305) 375-5151
                                         Facsimile:     (305) 375-5611

                                         Attorney for Defendants Miami-Dade
                                         County and Jordan Fried

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing was served on September 24, 2014 on all counsel or parties of record in the manner indicated on the Service List below.

                _____s/ Erica Zaron_____
                Assistant County Attorney

**SERVICE LIST**

Erica S. Zaron, Esq.
Eric Gressman, Esq.
Mathew Papkin, Esq.
Assistant County Attorneys
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-Mail: zaron@miamidade.gov
E-Mail: ekg@miamidade.gov
E-Mail: mpapkin@miamidade.gov
Counsel for Defendants Miami-Dade
County and Jordan Fried

*No Service Made*

Alan Greenstein, Esq.
Alan J. Greenstein, P.A.
Dadeland Towers
9200 S. Dadeland Blvd., Suite 308
Miami, Florida 33156
Telephone: (305) 772-7083
Facsimile: (305) 938-5038
Email: agreenstein004@hotmail.com
Counsel for Plaintiff

*Service by Notice of Electronic Filing*