**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-23436-CIV-COOKE**

**ROSALEE WILLIAMS, as "Presumptive"**
**Personal Representative of the Estate**
**Timmie Williams on behalf of the Estate of**
**Timmie Williams, Rosalee Williams, surviving**
**Parent of Timmie Williams and George**
**Williams-Hankins, brother of Timmie Williams,**

   **Plaintiff,**

**v.**

**MIAMI-DADE COUNTY,**
**a political subdivision and Florida**
**Division of Financial Services, and**
**JORDAN FRIED, individually,**

   **Defendants.**
_____/

<u>**JORDAN FRIED'S ANSWER,  DEFENSES, AND AFFIRMATIVE DEFENSES**</u>

Defendant Jordan Fried ("Defendant") hereby files his Answer, Defenses, and Affirmative Defenses to Plaintiff's First Amended Complaint ("FAC") and asserts the following defenses:

1.      Defendant denies Paragraph 1.

2.      Defendant denies Paragraph 2.

3.      Defendant admits Paragraph 3.

4.      Defendant denies Paragraph 4.

5.      As to Paragraph 5 of the FAC, Defendant denies that Rosalee Williams is the Personal Representative of the Estate of Timmie Williams. Defendant is without knowledge as to whether Rosalee Williams will soon be appointed Personal Representative of the Estate of Timmie Williams and thereby denies the same.

6.      Defendant is without knowledge as to Paragraph 6 of the FAC and thereby denies the same.

7.      Defendant admits Paragraph 7.

8.      As to Paragraph 8 of the FAC, Defendant denies that service has been perfected under Florida Statute 768.28. Defendant is without knowledge as to why the Florida Division of Financial Services is being listed as a party.

9.      Defendant admits Paragraph 9.

10.     Defendant is without knowledge as to Paragraph 10 of the FAC and thereby denies the same.

11.     Defendant is without knowledge as to Paragraph 11 of the FAC and thereby denies the same.

12.     Defendant is without knowledge as to Paragraph 12 of the FAC and thereby denies the same.

13.     Defendant admits Paragraph 13.

14.     Defendant admits Paragraph 14.

15.     Defendant is without knowledge as to Paragraph 15 of the FAC and thereby denies the same.

16.     Defendant is without knowledge as to Paragraph 16 of the FAC and thereby denies the same.

17.     Defendant denies Paragraph 17.

18.     Defendant denies Paragraph 18.

19.     Defendant denies Paragraph 19.

20.     Defendant denies Paragraph 20.

21.     Defendant is without knowledge as to Paragraph 21 of the FAC and thereby denies the same.

22.     Defendant is without knowledge as to Paragraph 22 of the FAC and thereby denies the same.

## COUNT I

This count is directed at another defendant, not Defendant Jordan Fried.[1]  Accordingly, no response to the allegations in Counts I is required.

## COUNT II

This count is directed at another defendant, not Defendant Jordan Fried.[2]  Accordingly, no response to the allegations in Counts I is required.

## COUNT III

39.     Defendant realleges all of its responses to Paragraphs 1-22.

40.     As to Paragraph 40 of the FAC, Defendant admits that on or about July 15, 2012, he was acting in the course and scope of his duties as a police officer employed by the Miami-Dade County Police Department.  Defendant denies the remaining allegations in Paragraph 40 of the FAC.

41.     Defendant denies Paragraph 41.

42.     Defendant denies Paragraph 42.

43.     Defendant denies Paragraph 43.

---

[1] The undersigned has spoken with counsel for the Plaintiff who stipulated that Count I is intended to be brought against Defendant Miami-Dade County only.
[2] The undersigned has spoken with counsel for the Plaintiff who stipulated that Count II is intended to be brought against Defendant Miami-Dade County only.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Timmie Williams ("Williams").  Therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

2.      Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

3.      The FAC fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

4.      To the extent that Williams suffered any injuries as a result of facts alleged in the FAC, Defendant is not the proximate cause of those injuries.

5.      Plaintiff's claim is barred by sovereign immunity and the discretionary function doctrine.  Defendant's decisions with regard to the incident are ones for which he is entitled to exercise discretion.

6.      Plaintiff's damages, if any, were the result, either in whole or in part, of the acts of third parties at the scene over whom Defendant had no control.

7.      Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

8.      Defendant is entitled to an apportionment of damages pursuant to Florida Statues Section 768.81 to account for the negligent acts committed by Williams and others.

9.      Defendant did not violate any of Williams' constitutional rights.

10.     Defendant is entitled to qualified immunity for the force used against Williams. Defendant acted in an objectively reasonable manner in using force against Williams, who was

non-compliant with Defendant's instructions and threatened others with a weapon of deadly force.

11.     Defendant is entitled to qualified immunity because he never violated any clearly established rights belonging to Williams.

12.     Defendant is immune from liability and from being named as a defendant in this action pursuant to Florida Statutes Section 768.28(9)(a) because he did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, towards Williams.

13.     Plaintiff's lawsuit is barred because Defendant acted reasonably in using deadly force against Williams.

14.     Plaintiff's claim is barred to the extent that Plaintiff is suing Defendant for any alleged force Defendant used in defense of himself and/or others.  Defendant was justified in using force against Williams because Williams posed an immediate threat of deadly harm to him, other police officers on-scene, and the surrounding bystanders.

15.     Defendant was justified in any use of force as to Williams.

16.     Defendant was reasonable in any use of force as to Williams.

17.     Plaintiff has failed to state a basis for the imposition of punitive damages against Defendant.

18.     Any alleged use of force was authorized by Florida law, including but not limited to sections 776.05, 776.012, 776.032, and 776.085 of the Florida Statutes, and Defendant could reasonably rely on such statutory authority.  Williams was brandishing a knife and threatening a third person.

19.     Defendant is immune from suit because his use of force was justified pursuant to Florida Statutes Section 776.032.   Williams was brandishing a knife and threatening a third person.

20.     Defendant is entitled to recover his attorney's fees incurred in the defense of this action because his use of force was justified and he is immune from suit pursuant to Florida Statutes Section 776.032.

21.     Defendant is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or alleged damages, as well as for the costs incurred by the Defendant in this federal proceeding.

22.     Rosalee Williams and George Williams-Hankins are not proper parties as they are not personal representatives of the estate of Timmie Williams.

23.     Defendant would show that the sole legal cause of the incident sued upon was the carelessness, inadvertence and negligence of Williams and that he knowingly, willfully, and voluntarily assumed the risk of the happening of the incident and, therefore, the Plaintiff is not entitled to recover from Defendant as alleged.

24.     Plaintiff's injuries and/or damages, if any, are the result of an act of a known or unknown third party whose actions were not under the dominion or control of Defendant and any recovery therefrom should be barred to the full extent thereof.

25.     Defendant Miami-Dade County has admitted that Jordan Fried was acting within the course and scope of his employment, accordingly Jordan Fried cannot be sued for a state law tort.

26.     Williams' actions were superceding, intervening causes of the death and such causes exculpate Defendant.

6

27.     George Williams-Hankins is an improper Plaintiff.

28.     Defendant reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Jordan Fried respectfully requests that this Court dismiss the claim against him with prejudice and/or enter judgment in Defendant's favor; that the Court award Defendant attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Dated: September 24, 2014                    Respectfully submitted,

                                 By:      s/ Erica Zaron
                                          Erica S. Zaron (514489)
                                          E-mail: zaron@miamidade.gov
                                          Assistant County Attorney
                                          Miami-Dade County Attorney
                                          Stephen P. Clark Center
                                          111 N.W. 1st Street, Suite 2810
                                          Miami, Florida  33128
                                          Telephone:     (305) 375-5151
                                          Facsimile:     (305) 375-5611

                                          Attorney for Defendants Miami-Dade
                                          County and Jordan Fried

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served on September 24,

2014 on all counsel or parties of record in the manner indicated on the Service List below.

<u>s/ Erica Zaron</u>
Assistant County Attorney

<u>**SERVICE LIST**</u>

Erica S. Zaron, Esq.
Eric Gressman, Esq.
Mathew Papkin, Esq.
Assistant County Attorneys
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-Mail: zaron@miamidade.gov
E-Mail: ekg@miamidade.gov
E-Mail: mpapkin@miamidade.gov
Counsel for Defendants Miami-Dade
County and Jordan Fried

*No Service Made*

Alan Greenstein, Esq.
Alan J. Greenstein, P.A.
Dadeland Towers
9200 S. Dadeland Blvd., Suite 308
Miami, Florida 33156
Telephone: (305) 772-7083
Facsimile: (305) 938-5038
Email: agreenstein004@hotmail.com
Counsel for Plaintiff

*Service by Notice of Electronic Filing*