UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-23436-Civ-COOKE/TORRES

ROSALEE WILLIAMS, as Presumptive
Personal Representative of the Estate
Timmie Williams on behalf of the Estate of
Timmie Williams, Rosalee Williams, surviving
Parent of Timmie Williams and George Williams-Hankins,
Brother of Timmie Williams

    Plaintiffs,
vs.

MIAMI-DADE COUNTY,
a political subdivision and
JORDAN FRIED, individually

    Defendants
_____/

## SECOND AMENDED COMPLAINT

Plaintiff sues the defendants and alleges the following:

### Jurisdiction and Venue

1. This is an action for damages in excess of $15,000.00, exclusive of costs and interest.

2. This is an action brought pursuant to the Florida Wrongful Death Act, Florida Statute Sections 768.16-.26 for the wrongful death of Timmie Williams and a civil rights claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

.3. Venue properly lies in Miami-Dade County as the incident in question occurred in the city of North Miami, Florida.

4. Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to §768.28 Florida Statutes.

## Parties

5. Rosalee Williams is, or soon will be appointed, Personal Representative of the Estate of Timmie Williams, deceased and is the surviving parent of the deceased, Timmie Williams.

6. George Williams-Hankins is the brother of the deceased, Timmie Williams.

7. Miami-Dade County is a political subdivision of the State of Florida and at all times relevant to the case, employed Jordan Fried as a police officer with the Miami-Dade County Police Department.

8. Defendant Jordan Fried is a residents of Miami-Dade County, Florida and at all times relevant to this complaint, was employed by the Miami-Dade Police Department as a police officer and was acting within the scope and agency of his employment and acting under the color of state law.

## Facts

9. On or about July 15, 2012 Timmie Williams was at the home of his mother, Rosalee Williams, located at 1312 N.E. 144th St. in North Miami, Fl.

10. On that date there was a party going on in the back yard of the Williams' residence.

11. A large number of people gathered at the Williams' residence and eventually fights broke out amongst the people at the party.

12. The fights eventually reached onto 144th St. right in front of number 1312, Rosalee Williams' house.

2

13. Due to the disorderly nature of the crowd in front of 1312 N.E. 144th St., the police were called. Officers from the Miami-Dade Police Department arrived on the scene.

14. Officers Reginald Myrtil and Jordan Fried were among the first officers to arrive on the scene.

15. By the time the police arrived there were at least fifty (50) people in the street, many of them involved in a fight.

16. The officers observed that someone had been stabbed, although at that time they had no evidence connecting any particular person with the stabbing.

17. The police officers also received information from individuals on the scene that someone was armed with a knife or gun, although again they had no information as to who that person might have been.

18. Upon receiving that information both officers armed themselves with their service firearms.

19. Shortly after that, Timmie Williams was seen coming out towards the street from his mother's residence.

20. Due to the disorderly nature of the scene in front of 1312 N.W. 144th St. and it being nighttime and dark outside, the officers may have assumed that Timmie Williams was the perpetrator of the reported stabbing.

21. It was at that point, when Timmie Williams was standing in front of the driveway at 1312 N.E. 144th St. that Officer Fried fired his weapon at Mr. Williams a number of times.

22. Timmie Williams did not have a weapon on him, nor was he threatening anyone at the time Officer Fried shot him.

23. At the time of the shooting the police had no evidence or reason to believe that Timmie Williams had committed any type of assault or battery that night.

24. The shots fired from Officer Fried's firearm killed Mr. Williams.

25. Both Rosalee Williams and George Williams-Hankins were outside of the Williams' residence and witnessed Timmie Williams being shot and killed.

26. Timmie Williams, thirty-six (36) years old at the time of his death, had no surviving children and Rosalee Williams is his only surviving parent.

## Count I- Wrongful Death
### (State Tort against Miami-Dade County)

27. Plaintiff re alleges and incorporates by reference paragraphs 1-26.

26. On or about July 15, 2012, while acting in the course of his duties as a police officer employed by the Miami-Dade County Police Department, Officer Jordan Fried intentionally shot and killed Timmie Williams.

29. At the time of the shooting Timmie Williams was unarmed and was not threatening anyone including Officer Fried.

30. The shooting of Timmie Williams by Officer Fried was without lawful justification.

31. Miami-Dade County is responsible for the actions of its employees that occur while they are acting in the scope and course of their duties.

32. As a direct and proximate result of the actions of Officer Jordan Fried and the Miami-Dade Police Department, Timmie Williams died and his Estate and legal survivors are entitled to recover all damages specified in the Florida Wrongful Death Act, including but not limited to:

   A. For the Estate of Timmie Williams:

    a)  Loss of earnings, if any, of Timmie Williams from the date of injury to the date of death, with interest, and loss of prospective net accumulations of the Estate.

    b)  Medical and funeral expenses due to Timmie Williams' death.

 B. For Rosalee Williams, Surviving Parent:

    a)  The value of lost support and services from the date of Timmie Williams' death.

    b)  The mental pain and suffering of Rosalee Williams from the date of Timmie Williams' death.

 C. Costs of this action.

 D. Any other remedy the Court deems appropriate.

## Count II- Negligent Infliction of Emotional Distress
### (State tort against Miami-Dade County)

33. Plaintiff re alleges and incorporates by reference paragraphs 1-26.

34. On or about July 15, 2012, while acting in the course of his duties as a police officer employed by the Miami-Dade County Police Department, Officer Jordan Fried shot and killed Timmie Williams.

35. Rosalee Williams, the deceased's mother, and George Williams-Hankins, the deceased's brother were present and witnessed Officer Fried shoot and kill Timmie Williams and were present when he died.

36. The shooting of Timmie Williams resulted in psychological trauma to Rosalee Williams and George Williams-Hankins.

37. Both Rosalee Williams and George Williams-Hankins suffered physical injury which was caused by the psychological trauma of witnessing Timmie Williams' death.

38. Miami-Dade County is responsible for the actions of its employees that occur while they are acting in the scope and course of their duties.

39. As a direct and proximate result of the actions of Officer Jordan Fried and Miami-Dade County, Rosalee Williams and George Williams-Hankins have suffered physical and mental injuries and are entitled to relief.

40. Wherefore Rosalee Williams and George Williams-Hankins are entitled to:

   A. Compensatory damages for the physical and mental injuries suffered.

   B. Costs of this action.

   C. Any other remedy the Court deems appropriate.

## Count III- Excessive Force
### (Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983)

41. Plaintiff re alleges and incorporates by reference paragraphs 1-26.

42. On or about July 15, 2012, while acting under the color of state law as a police officer employed by the Miami-Dade Police Department, Defendant Fried shot and killed Timmie Williams with a firearm.

43. Without legal cause or justification, Defendant Fried shot Timmie Williams numerous times, and used force that was excessive, unnecessary, and disproportionate to that which was necessary to arrest or subdue Timmie Williams.

44. The use of excessive and unnecessary force upon Timmie Williams by Defendant Fried deprived Timmie Williams of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

45. As a direct and proximate result of the shooting of Timmie Williams' by Defendant Fried, Timmie Williams died and his Estate and legal survivors are entitled to recover

6

all damages specified in the Florida Wrongful Death Act and 42 U.S.C. §1983 and §1988, including but not limited to:

    A.    For the Estate of Timmie Williams:

        a)    Loss of earnings, if any, of Timmie Williams from the date of injury to the date of death, with interest, and loss of prospective net accumulations of the Estate.

        b)    Medical and funeral expenses due to Timmie Williams' death.

    B.    For Rosalee Williams, Surviving Parent:

        a)    The value of lost support and services from the date of Timmie Williams' death.

        b)    The mental pain and suffering of Rosalee Williams from the date of Timmie Williams' death.

    C.    Punitive damages.

    D.    Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

    E.    Any other remedy the Court deems appropriate.

### Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues triable as a matter of right.

Dated:  July 8 , 2016

        Respectfully submitted,

        Alan J. Greenstein, P.A.
        Dadeland Towers
        9200 S. Dadeland Blvd., Suite 308
        Miami, Fl. 33156
        Phone: (305) 772-7083
        Fax: (305) 938-5038
        agreenstein004@hotmail.com

By: */s/Alan Greenstein*
ALAN GREENSTEIN
Florida Bar No.: 237817