UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23436-CIV-COOKE

ROSALEE WILLIAMS, as "Presumptive"
Personal Representative of the Estate
Timmie Williams on behalf of the Estate of
Timmie Williams, Rosalee Williams, surviving
Parent of Timmie Williams and George
Williams-Hankins, brother of Timmie Williams,

      Plaintiff,

v.

MIAMI-DADE COUNTY,
a political subdivision and Florida
Division of Financial Services, and
JORDAN FRIED, individually,

      Defendants.
_____/

**MIAMI-DADE COUNTY'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Miami-Dade County hereby files its Answer, Defenses, and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("SAC") and asserts the following defenses:

1. Defendant denies Paragraph 1.

2. Defendant denies Paragraph 2.

3. Defendant admits Paragraph 3.

4. Defendant denies Paragraph 4.

5. As to Paragraph 5 of the SAC, Defendant denies that Rosalee Williams is the Personal Representative of the Estate of Timmie Williams. Defendant is without knowledge as to whether Rosalee Williams will soon be appointed Personal Representative of the Estate of Timmie Williams and thereby denies the same.

6. Defendant is without knowledge as to Paragraph 6 of the SAC and thereby denies the same.

7. Defendant admits Paragraph 7.

8. Defendant admits Paragraph 8.

9. Defendant is without knowledge as to Paragraph 9 of the SAC and thereby denies the same.

10. Defendant is without knowledge as to Paragraph 10 of the SAC and thereby denies the same.

11. Defendant is without knowledge as to Paragraph 11 of the SAC and thereby denies the same.

12. Defendant admits Paragraph 12.

13. Defendant admits that officers from the Miami-Dade Police Department arrived on the scene, but denies the remaining allegations in Paragraph 13 of the SAC.

14. Defendant admits Paragraph 14.

15. Defendant admits that there were people fighting in the street, but is without knowledge as to the remaining allegations in Paragraph 15 of the SAC and thereby denies the same.

16. Defendant admits that the officers observed that someone had been stabbed, but denies the remaining allegations in Paragraph 16 of the SAC.

17. Defendant admits that the officers received information that someone at the scene was armed, but denies the remaining allegations in Paragraph 17 of the SAC.

18. Defendant denies Paragraph 19.

19. Defendant is without knowledge as to Paragraph 19 of the SAC and thereby denies the same.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant is without knowledge as to Paragraph 25 of the SAC and thereby denies the same.

26. Defendant is without knowledge as to Paragraph 26 of the SAC and thereby denies the same.

## COUNT I

27. Defendant realleges all of its responses to Paragraphs 1-26.

28. Defendant denies Paragraph 28 (improperly numbered Paragraph 26 in the SAC).

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant admits Paragraph 31.

32. Defendant denies Paragraph 32.

## COUNT II

33. Defendant realleges all of its responses to Paragraphs 1-26.

34. Defendant admits paragraph 34 of the SAC.

35. Defendant is without knowledge as to Paragraph 35 of the SAC and thereby denies the same.

36. Defendant is without knowledge as to Paragraph 36 of the SAC and thereby denies the same.

37. Defendant denies Paragraph 37.

38. Defendant admits Paragraph 38.

39. Defendant denies Paragraph 39.

40. Defendant denies Paragraph 40.

## COUNT III

This count is directed at Sergeant Jordan Fried ("Sergeant Fried"), another defendant, not Miami-Dade County.[1]  Accordingly, no response to the allegations in Count III is required.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Timmie Williams ("Williams").  Therefore, Plaintiffs' claims are barred or reducible to the full extent thereof.

2. Plaintiffs' damages, if any, are barred or reducible in each instance that Plaintiffs failed to mitigate damages.

3. The SAC fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

4. To the extent that Williams suffered any injuries as a result of facts alleged in the SAC, Defendant is not the proximate cause of those injuries.

5. Defendant owed no duty to Williams, and therefore Plaintiffs cannot plead a cognizable claim for negligence against it.

---

[1] The undersigned has spoken with counsel for the Plaintiffs who stipulated that Count III is intended to be brought against Sergeant Fried only.

6. Plaintiffs' claim is barred by sovereign immunity and the discretionary function doctrine. Sergeant Fried's decisions with regard to the incident are ones for which he is entitled to exercise discretion.

7. Plaintiffs' damages, if any, were the result, either in whole or in part, of the acts of third parties at the scene over whom Defendant had no control.

8. Plaintiffs' damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

9. Defendant is entitled to an apportionment of damages pursuant to Florida Statues Section 768.81 to account for the negligent acts committed by Williams and others.

10. Plaintiffs' lawsuit is barred because Sergeant Fried acted reasonably in using deadly force against Williams.

11. Plaintiffs' claim is barred to the extent that Plaintiff is suing for any alleged force Sergeant Fried used in defense of himself and/or others. Sergeant Fried was justified in using force against Williams because Williams posed an immediate threat of deadly harm to them, and the surrounding bystanders.

12. Sergeant Fried was justified in any use of force as to Williams.

13. Sergeant Fried was reasonable in any use of force as to Williams.

14. Any alleged use of force was authorized by Florida law, including but not limited to sections 776.05, 776.012, 776.032, and 776.085 of the Florida Statutes, and Defendant could reasonably rely on such statutory authority. Williams was brandishing a knife and threatening a third person.

15. Defendant is immune from suit because Sergeant Fried's use of force was justified pursuant to Florida Statutes Section 776.032. Williams was brandishing a knife and threatening a third person.

16. Defendant is entitled to recover its attorney's fees incurred in the defense of this action because Sergeant Fried's use of force was justified and he is immune from suit pursuant to Florida Statutes Section 776.032.

17. Defendant is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or alleged damages, as well as for the costs incurred by the Defendant in this federal proceeding.

18. Rosalee Williams and George Williams-Hankins are not proper parties as they are not personal representatives of the estate of Timmie Williams.

19. Defendant would show that the sole legal cause of the incident sued upon was the carelessness, inadvertence and negligence of Williams and that he knowingly, willfully, and voluntarily assumed the risk of the happening of the incident and, therefore, the Plaintiffs are not entitled to recover from Defendant as alleged.

20. Plaintiffs' injuries and/or damages, if any, are the result of an act of a known or unknown third party whose actions were not under the dominion or control of Defendant and any recovery therefrom should be barred to the full extent thereof.

21. Plaintiffs have not suffered a discernible physical injury as a result of any alleged action taken by Defendant or Sergeant Fried.

22. Plaintiffs have not suffered a discernible physical injury caused by psychic trauma sustained by any alleged action taken by Defendant or Sergeant Fried.

23. Defendant alleges the injuries claimed by Williams, were caused by the negligence of Williams and/or the negligence of a third party and were not solely caused by the negligence, if any, of the Defendant, thereby bringing this cause within the Doctrine of Comparative Negligence, thereby reducing and/or barring claim for the Plaintiffs.

24. The action or portions of it are barred by the Doctrine of Sovereign Immunity, and the SAC fails to state a cause of action because the acts and/or omissions complained of are governmental planning level policy decisions which may not form the basis of traditional tort liability.

25. Defendant denies that Plaintiff, Rosalee Williams, as Presumptive Personal Representative of the Estate of Timmie Williams, has complied with all notice requirements and conditions precedent to bringing this action under Section 2-2 of the Miami-Dade County Code.

26. The alleged negligence complained of was not the legal cause of damages as alleged in the SAC; therefore, the SAC fails to state a cause of action.

27. Defendant is entitled to a set-off from any recovery against it to the extent that the value of all benefits received by or paid on behalf of the Plaintiff from any collateral source.

28. Service of process is improper.

29. Plaintiffs have failed to show or comply with Florida Statute 768.28(7) requiring service of process upon the Department of Financial Services.

30. Williams knew of the existence of the danger complained of in the SAC, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

31. Plaintiffs fail to allege compliance with Fla. Stat. § 768.28(6).

32. William's actions were superceding, intervening causes of the death and such causes exculpate Defendant.

33. George Williams-Hankins is an improper Plaintiff.  He may not sue individually under the Wrongful Death Act.

34. Count I of the SAC is improperly pled.  There is no cause of action alleged. Statements, such as Paragraph 30, that the shooting is "without lawful justification" do not create a cause of action.  There are no elements alleged in Count I of any tort.

35. The SAC bars any action against the Defendant to the extent that it characterizes Sergeant Fried's actions as malicious, wanton and willful, reckless or bad faith or outside the scope of the officer's employment.

36. Defendant reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Miami-Dade County respectfully requests that this Court dismiss the claim against it with prejudice and/or enter judgment in Defendant's favor; that the Court award Defendant attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Dated: July 29, 2016

Respectfully submitted,

By:   s/ Erica Zaron
Erica S. Zaron (514489)
E-mail: zaron@miamidade.gov
Assistant County Attorney
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128
Telephone:     (305) 375-5151
Facsimile:     (305) 375-5611
Attorney for Defendants Miami-Dade County and Jordan Fried

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 29, 2016 on all counsel or parties of record in the manner indicated on the Service List below.

_____s/ Erica Zaron_____
Assistant County Attorney

## SERVICE LIST

Erica S. Zaron, Esq.
Eric Gressman, Esq.
Mathew Papkin, Esq.
Assistant County Attorneys
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-Mail: zaron@miamidade.gov
E-Mail: ekg@miamidade.gov
E-Mail: mpapkin@miamidade.gov
Counsel for Defendants Miami-Dade County and Jordan Fried

*No Service Made*

Alan Greenstein, Esq.
Alan J. Greenstein, P.A.
Dadeland Towers
9200 S. Dadeland Blvd., Suite 308
Miami, Florida 33156
Telephone: (305) 772-7083
Facsimile: (305) 938-5038
Email: agreenstein004@hotmail.com
Counsel for Plaintiff

*Service by Notice of Electronic Filing*