UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23436-CIV-COOKE

ROSALEE WILLIAMS, as "Presumptive"
Personal Representative of the Estate
Timmie Williams on behalf of the Estate of
Timmie Williams, Rosalee Williams, surviving
Parent of Timmie Williams and George
Williams-Hankins, brother of Timmie Williams,

      Plaintiff,

v.

MIAMI-DADE COUNTY,
a political subdivision and Florida
Division of Financial Services, and
JORDAN FRIED, individually,

      Defendants.
_____/

## JORDAN FRIED'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Jordan Fried ("Defendant") hereby files his Answer, Defenses, and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("SAC") and asserts the following defenses:

1. Defendant denies Paragraph 1.

2. Defendant denies Paragraph 2.

3. Defendant admits Paragraph 3.

4. Defendant denies Paragraph 4.

5. As to Paragraph 5 of the SAC, Defendant denies that Rosalee Williams is the Personal Representative of the Estate of Timmie Williams. Defendant is without knowledge as to

whether Rosalee Williams will soon be appointed Personal Representative of the Estate of Timmie Williams and thereby denies the same.

6. Defendant is without knowledge as to Paragraph 6 of the SAC and thereby denies the same.

7. Defendant admits Paragraph 7.

8. Defendant admits Paragraph 8.

9. Defendant is without knowledge as to Paragraph 9 of the SAC and thereby denies the same.

10. Defendant is without knowledge as to Paragraph 10 of the SAC and thereby denies the same.

11. Defendant is without knowledge as to Paragraph 11 of the SAC and thereby denies the same.

12. Defendant admits Paragraph 12.

13. Defendant admits that officers from the Miami-Dade Police Department arrived on the scene, but denies the remaining allegations in Paragraph 13 of the SAC.

14. Defendant admits Paragraph 14.

15. Defendant admits that there were people fighting in the street, but is without knowledge as to the remaining allegations in Paragraph 15 of the SAC and thereby denies the same.

16. Defendant admits that the officers observed that someone had been stabbed, but denies the remaining allegations in Paragraph 16 of the SAC.

17. Defendant admits that the officers received information that someone at the scene was armed, but denies the remaining allegations in Paragraph 17 of the SAC.

18. Defendant denies Paragraph 19.

19. Defendant is without knowledge as to Paragraph 19 of the SAC and thereby denies the same.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant is without knowledge as to Paragraph 25 of the SAC and thereby denies the same.

26. Defendant is without knowledge as to Paragraph 26 of the SAC and thereby denies the same.

## COUNT I

This count is directed at Miami-Dade County, another defendant, not Sergeant Fried. Accordingly, no response to the allegations in Counts I is required.

## COUNT II

This count is directed at Miami-Dade County, another defendant, not Sergeant Fried. Accordingly, no response to the allegations in Counts II is required.

## COUNT III

41. Defendant realleges all of its responses to Paragraphs 1-26.

42. Defendant admits Paragraph 42 of the SAC.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiffs' damages, if any, were the result, either in whole or in part, of the negligence or wrongdoing of Timmie Williams ("Williams"). Therefore, Plaintiffs' claims are barred or reducible to the full extent thereof.

2. Plaintiffs' damages, if any, are barred or reducible in each instance that Plaintiffs failed to mitigate damages.

3. The SAC fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

4. To the extent that Williams suffered any injuries as a result of facts alleged in the SAC, Defendant is not the proximate cause of those injuries.

5. Plaintiffs' damages, if any, were the result, either in whole or in part, of the acts of third parties at the scene over whom Defendant had no control.

6. Plaintiffs' damages, if any, are barred or reducible in each instance that Plaintiffs failed to mitigate damages.

7. Defendant is entitled to an apportionment of damages pursuant to Florida Statues Section 768.81 to account for the negligent acts committed by Williams and others.

8. Defendant did not violate any of Williams' constitutional rights.

9. Defendant is entitled to qualified immunity for the force used against Williams. Defendant acted in an objectively reasonable manner in using force against Williams, who was non-compliant with Defendant's instructions and threatened others with a weapon of deadly force.

10. Defendant is entitled to qualified immunity because he never violated any clearly established rights belonging to Williams.

11. Plaintiffs' lawsuit is barred because Defendant acted reasonably in using deadly force against Williams.

12. Plaintiffs' claim is barred to the extent that Plaintiffs are suing Defendant for any alleged force Defendant used in defense of himself and/or others.  Defendant was justified in using force against Williams because Williams posed an immediate threat of deadly harm to him, other police officers on-scene, and the surrounding bystanders.

13. Defendant was justified in any use of force as to Williams.

14. Defendant was reasonable in any use of force as to Williams.

15. Plaintiffs have failed to state a basis for the imposition of punitive damages against Defendant.

16. Any alleged use of force was authorized by Florida law, including but not limited to sections 776.05, 776.012, 776.032, and 776.085 of the Florida Statutes, and Defendant could reasonably rely on such statutory authority.  Williams was brandishing a knife and threatening a third person.

17. Defendant is immune from suit because his use of force was justified pursuant to Florida Statutes Section 776.032.  Williams was brandishing a knife and threatening a third person.

18. Defendant is entitled to recover his attorney's fees incurred in the defense of this action because his use of force was justified and he is immune from suit pursuant to Florida Statutes Section 776.032.

19. Defendant is entitled to a setoff for all insurance or other proceeds received by Plaintiff for any alleged injuries or alleged damages, as well as for the costs incurred by the Defendant in this federal proceeding.

20. Rosalee Williams and George Williams-Hankins are not proper parties as they are not personal representatives of the estate of Timmie Williams.

21. Defendant would show that the sole legal cause of the incident sued upon was the carelessness, inadvertence and negligence of Williams and that he knowingly, willfully, and voluntarily assumed the risk of the happening of the incident and, therefore, the Plaintiff is not entitled to recover from Defendant as alleged.

22. Plaintiffs' injuries and/or damages, if any, are the result of an act of a known or unknown third party whose actions were not under the dominion or control of Defendant and any recovery therefrom should be barred to the full extent thereof.

23. Williams' actions were superceding, intervening causes of the death and such causes exculpate Defendant.

24. George Williams-Hankins is an improper Plaintiff.

25. Defendant reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendant Jordan Fried respectfully requests that this Court dismiss the claim against him with prejudice and/or enter judgment in Defendant's favor; that the Court award Defendant attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Defendant such other relief as the Court deems proper, equitable, and just.

Dated: July 29, 2016                    Respectfully submitted,

                                        By:    s/ Erica Zaron
                                               Erica S. Zaron (514489)

E-mail: zaron@miamidade.gov
Assistant County Attorney
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128
Telephone:	(305) 375-5151
Facsimile:	(305) 375-5611

Attorney for Defendants Miami-Dade
County and Jordan Fried

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 29, 2016 on all counsel or parties of record in the manner indicated on the Service List below.

          s/ Erica Zaron
          Assistant County Attorney

## SERVICE LIST

Erica S. Zaron, Esq.
Eric Gressman, Esq.
Mathew Papkin, Esq.
Assistant County Attorneys
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-Mail: zaron@miamidade.gov
E-Mail: ekg@miamidade.gov
E-Mail: mpapkin@miamidade.gov
Counsel for Defendants Miami-Dade County and Jordan Fried

*No Service Made*

Alan Greenstein, Esq.
Alan J. Greenstein, P.A.
Dadeland Towers
9200 S. Dadeland Blvd., Suite 308
Miami, Florida 33156
Telephone: (305) 772-7083
Facsimile: (305) 938-5038
Email: agreenstein004@hotmail.com
Counsel for Plaintiff

*Service by Notice of Electronic Filing*